IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RYAN PERKINS, and
SETH L. AMMERER,

    Plaintiffs,

v.                                        Case No.: 4:17-cv-1728

CONTAIN WATER SYSTEMS, INC.
KELSEY E. KONECHNY, and,
LILIYA KONECHNY,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, RYAN PERKINS, and SETH L. AMMERER, by and through their undersigned counsel, hereby sue the Defendants, CONTAIN WATER SYSTEMS, INC., KELSEY E. KONECHNY and LILIYA KONECHNY, and in support thereof alleges as follows:

### INTRODUCTION

1. Plaintiffs brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiffs seek damages for unpaid wages, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

### JURISDICTION

2. Jurisdiction is conferred on this Court by Title 28 U S.C. §1337 and by Title 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, CONTAIN WATER SYSTEMS, INC., has offices located in Dripping Springs, Texas.

## THE PARTIES

4. Plaintiff, RYAN PERKINS, is an individual who resides in Blanco, Texas, and worked for Defendants from December 13, 2016, through April 17, 2017, as a storage tank builder. Plaintiff was paid by the day or by the hour, depending upon the work he performed.

5. Plaintiff, SETH L. AMMERER, is an individual who resides in Blanco, Texas, and worked for Defendants from December 13, 2016, through April 17, 2017, as a storage tank builder. Plaintiff was paid by the day or by the hour, depending upon the work he performed.

6. Defendant, CONTAIN WATER SYSTEMS, INC., is a corporation formed and existing under the laws of the state of Delaware and at all times material to this complaint, maintained and operated a business in Dripping Springs, Texas.

7. Defendants, KELSEY E. KONECHNY and LILIYA KONECHNY, are residents of the state of California.

## COMMON ALLEGATIONS

8. Defendant, CONTAIN WATER SYSTEMS, INC., operates a company primarily engaged in business of building and installing water storage tanks and is an employer as defined by 29 U.S.C. § 203(d).

9. Defendant, CONTAIN WATER SYSTEMS, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

10. At all times material to this complaint, Defendant, CONTAIN WATER SYSTEMS, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

11. At all times material to this complaint, Defendant, CONTAIN WATER SYSTEMS, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12. At all times material hereto, Defendant, KELSEY E. KONECHNY AND LILIYA KONECHNY, actively ran the business of Defendant, CONTAIN WATER SYSTEMS, INC., on a day-to-day basis and acted directly or indirectly in

the interest of Defendant, CONTAIN WATER SYSTEMS, INC., in relation to Plaintiffs' employment and was substantially in control of the terms and conditions of the Plaintiffs' work.

13. Plaintiffs were at all times material individually engaged in commerce as their work was directly related to the movement products and information in interstate commerce. Specifically, Plaintiffs' work allowed the placement of utilities through which interstate commerce flows.

14. *Inter alia*, Defendants, KELSEY E. KONECHNY and LILIYA KONECHNY, had the ability to hire and fire plaintiff; and, controlled plaintiff's rate of pay and method of pay, schedule, and conditions of employment and was the Plaintiffs' employer as defined by 29 U.S.C. §203(d).

15. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

16. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

17. Plaintiffs are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred

by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

18. Plaintiffs have retained the law firm of Ross Law, P.C., to represent them in this action. Plaintiffs have entered into a valid contract with Ross Law, P.C., and have appointed the undersigned counsel to be their sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiffs. To avoid tortious interference with Plaintiffs' obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiffs' contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiffs are entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

## COUNT I. UNPAID OVERTIME WAGES

19. Plaintiffs re-allege and incorporated paragraphs 1-17, *supra*, as if fully set forth herein.

20. During one or more weeks of Plaintiffs' employment with Defendants, Plaintiffs worked in excess of forty (40) hours.

21. Throughout the employment of Plaintiffs, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing

to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 in a workweek. Instead, Plaintiffs were paid their hourly rate for all hours worked without any additional half-time premium.

22. As a result of Defendant's unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

23. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for all hours worked in excess of 40 per workweek.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demands Judgment, jointly and severally, against Defendants for the following:

    a. Unpaid overtime wages found to be due and owing;

    b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

    c. Prejudgment interest in the event liquidated damages are not awarded;

    d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

    e. For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT II. UNPAID MINIMUM WAGES

24. Plaintiffs re-allege and incorporated paragraphs 1-17, *supra*, as if fully set forth herein.

25. During one or more weeks of Plaintiffs' employment with Defendants, Plaintiffs worked, but were not paid the then-current minimum wage of $7.25 per hour for each hour worked in a workweek.

26. Throughout the employment of Plaintiffs, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than the then-current minimum wage for each hour worked in a workweek.

27. As a result of Defendant's unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of minimum wages which were not paid that should have been paid.

28. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation for all hours worked in a workweek.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demands Judgment, jointly and severally, against Defendants for the following:

a. Unpaid minimum wages found to be due and owing;

    b.    An additional amount equal to the amount of minimum wages found to be due and owing as liquidated damages;

    c.    Prejudgment interest in the event liquidated damages are not awarded;

    d.    Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

    e.    For any such other relief as the Court may find proper, whether at law or in equity.

## **COUNT III BREACH OF CONTRACT**

29.    Plaintiffs, RYAN PERKINS and SETH L. AMMERER, re-alleges and incorporated paragraphs 2, , 4, 5 and 6, *supra*, as if fully set forth herein.

30.    This is an action for breach of contract against Defendant, CONTAIN WATER SYSTEMS, INC.

31.    This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

32.    Plaintiffs and Defendant agreed that the Defendant would pay Plaintiffs for the wages due to them as a result of their work for the Defendant.

33.    In reliance upon the representation by the Defendant that they would be paid, Plaintiffs performed work for the benefit of the Defendant.

34.    Plaintiffs were not paid the wages due to them for their last two (2)

weeks of their employment with Defendant.

35. In breach of its agreement with the Plaintiffs to pay them for the work they performed on behalf of the Defendant, Defendant has refused to pay Plaintiffs.

36. Due to Defendant's breach of its agreement to pay Plaintiffs for their work, Plaintiffs have been damaged. Plaintiff, RYAN PERKINS, is owed approximately $2,020.00 in wages incurred under the Parties' contract. Plaintiff, SETH AMMERRER, is owed approximately $2,058.00 in wages incurred under the Parties' contract.

37. WHEREFORE, PREMISES CONSIDERED, Plaintiffs, RYAN PERKINS, and SETH L. AMMERER, demand Judgment against Defendant, CONTAIN WATER SYSTEMS, INC., for the following:

    a. Unpaid wages found to be due and owing;

    b. Prejudgment interest in the event liquidated damages are not awarded;

    c. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to Rule 54(d) of the Federal Rules of Civil Procedure; and,

    d. For any such other relief as the Court may find proper, whether at law or in equity.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted, June 7, 2017.

        Respectfully submitted,

        **ROSS LAW GROUP**

        */s/Charles L. Scalise*
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 00789810
        1104 San Antonio St.
        Austin, Texas 78701
        Ph: 800-634-8042
        Ph: 512-474-7677
        Fax: 512-474-5306
        charles@rosslawgroup.com

        **ATTORNEYS FOR PLAINTIFF**